UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JULISSA ARRIANA ROJAS | § § § | |
| vs. | § § | CIVIL ACTION NO. 7:22-CV-00052 |
| JORGE ALBERTO MORAZAN and COLD FREIGHT TRANSPORT, Individually | § § § § | |

## SETTLEMENT AGREEMENT AND RELEASE

1.  **Parties.**

    The parties to this Settlement and Release Agreement ("Agreement") are as follows:

    a.  **Releasing Party and Payee:**

    <u>JULISSA ARRIANA ROJAS,</u> who warrants that she is of legal age and legally competent to execute this agreement.

    b.  **Released Parties:**

    <u>JORGE ALBERTO MORAZAN,</u> his heirs, representatives and assigns, and his insurance company QUALITAS INSURANCE COMPANY, their agents, servants, representatives, employees, and adjusters, and all entities or individuals in privity with them or any of them.

    **COLD FREIGHT TRANSPORT,** its heirs, representatives and assigns, and its insurance company QUALITAS INSURANCE COMPANY, their agents, servants, representatives, employees, and adjusters, and all entities or individuals in privity with them or any of them.

2.  **Entitled Person:**

    The Releasing Party agrees and represents that the party and person receiving monies

pursuant to this Agreement is the only known person entitled to any recovery for any cause whatsoever arising as a result of the occurrence and/or the Settled Claims.

3. **Recitals.**

   a. The Releasing Party is asserting claims against the Released Party in the above captioned case ("Lawsuit") arising out of injuries which occurred on or about November 21, 2019, wherein the Releasing Party alleges that she sustained injuries and/or damages, all more fully described in Plaintiff's Original Petition and/or live pleading on file in this cause (herein referred to as the "Occurrence").

   b. Any and all claims arising out of the occurrence, as described above, including those in Plaintiff's pleadings or those that could legally have been asserted in such lawsuit, shall hereinafter be referred to as "Settled Claims." The Releasing Party, for the consideration set forth in this Agreement, hereby settles and compromises all of the Settled Claims under the terms and conditions of this Agreement. It is expressly understood and agreed by the parties hereto that the terms hereof are contractual and not merely recitals, and that the agreements herein contained, and the consideration transferred are to buy peace, and that no payments made, or releases or other consideration given shall be construed to be nor are they an admission of liability, all liability being expressly denied.

   c. Releasing Party realizes that by entering into this Agreement, the Released Party is not accepting liability.

   d. Releasing Party understands that this is the only money she will ever receive from the Released Party in connection with the November 21, 2019, accident made the basis of this suit and any damages she sustained from that incident, and that she or

      anyone acting on his behalf will forever be precluded from bringing any kind of legal action against the Released Party in the future arising from or related to this accident.

    e.    Releasing Party represents that no one has promised her anything not mentioned in this Agreement, and no one has forced her to settle this lawsuit.

4.    **Consideration.**

In consideration of the payment by QUALITAS INSURANCE COMPANY, on behalf of the Released Party as follows: NINETY THOUSAND DOLLARS AND 00/100 DOLLARS ($90,000.00) payable to JULISSA ARRIANA ROJAS, the sufficiency of which is hereby acknowledged and confessed by all of the parties hereto, and in further consideration of all of the mutual covenants and agreements contained herein, the Releasing Party agrees that all matters arising out of or in any way related to the Occurrence or Settled Claims will be, and are hereby, fully and finally compromised and settled.

5.    **Payment of Consideration.**

The Releasing Party agrees and acknowledges that the payment of the consideration as recited herein is payment in full to the Releasing Party and anyone claiming by, through or under her. The Releasing Party further agrees and represents that the Released Party is forever RELEASED from any further obligations or payments as a result of the Occurrence or Settled Claims.

6.    **Releases.**

The Releasing Party, in consideration of the payment made and the obligations assumed hereunder, hereby RELEASES, ACQUITS AND FOREVER DISCHARGES the Released Party from and against all claims, demands, controversies, actions and causes of action of

any and every character, whether, known or unknown, arising out of, accruing, or which may hereafter accrue to the Releasing Party or anyone claiming by, through or under the Releasing Party, for, or in any way connected with, or arising out of the Occurrence or the Settled Claims. *IT IS UNDERSTOOD AND AGREED THAT THIS IS A FULL AND FINAL RELEASE MADE TO FULLY AND FINALLY COMPROMISE ANY AND ALL CLAIMS OF EVERY NATURE, KNOWN OR UNKNOWN, AND OF EVERY KIND WHATSOEVER WHICH HAVE BEEN OR COULD LEGALLY HAVE BEEN BROUGHT BY THE RELEASING PARTY, NOW OR IN THE FUTURE, OR ANYONE CLAIMING BY, THROUGH OR UNDER HER, AS A RESULT OF OR ARISING OUT OF THE OCCURRENCE OR SETTLED CLAIMS, AND ANY AND ALL CLAIMS FOR PERSONAL INJURIES, PROPERTY DAMAGES, LOSS OF USE DAMAGES, INCLUDING, BUT NOT LIMITED TO, CLAIMS FOR MEDICAL MALPRACTICE, AND CLAIMS FOR EXEMPLARY, PERSONAL INJURY, AND MENTAL ANGUISH DAMAGES, LOSS OF EARNING CAPACITY DAMAGES, MEDICAL EXPENSES, AND ANY AND ALL OTHER CLAIMS NOW OR IN THE FUTURE OF THE RELEASING PARTY AGAINST THE RELEASED PARTY, AS A RESULT OF OR ARISING OUT OF THE OCCURRENCE OR SETTLED CLAIMS, EVEN IF CAUSED BY THE NEGLIGENCE OR GROSS NEGLIGENCE OF THE RELEASED PARTY.*

7. **General Indemnity.**

    *THE RELEASING PARTY AGREES FOR HERSELF, HER HEIRS, EXECUTORS, ADMINISTRATORS, REPRESENTATIVES, SUCCESSORS AND ASSIGNS TO FULLY AND COMPLETELY DEFEND, INDEMNIFY AND HOLD HARMLESS THE RELEASED PARTY FROM ANY AND ALL CLAIMS, DEMANDS, INTERVENTIONS, THIRD-PARTY*

*ACTIONS OR CAUSES OF ACTION OF ANY NATURE WHATSOEVER, CLAIMING BY, THROUGH OR UNDER HER, INCLUDING COSTS AND REASONABLE AND NECESSARY ATTORNEYS FEES, IF ANY, MADE BY OR THROUGH RELEASING PARTY AND ARISING OUT OF OR IN ANY WAY RELATING TO THE OCCURRENCE OR SETTLED CLAIMS, EVEN THOUGH CAUSED BY THE NEGLIGENCE, GROSS NEGLIGENCE OR OTHER BREACH OF THE RELEASED PARTY (EXCEPT FOR BREACH OF THIS AGREEMENT). THIS INCLUDES ANY CAUSES OF ACTION OR PROCEEDINGS THE FEDERAL GOVERNMENT MAY IMPOSE PURSUANT TO §111 OF THE MEDICARE MEDICAID SCHIP EXTENSION ACT (MMSEA) AND MEDICARE SECONDARY PAYER ACT (MSP).*

8. **Liens.**

    *THE RELEASING PARTY HAS REPRESENTED TO THE RELEASED PARTY THAT NO LIENS, SUCH AS HOSPITAL, SUBROGATION, COUNTY INDIGENT PROGRAM, WORKERS COMPENSATION, MEDICAID, CHIPS AND/OR MEDICARE LIENS, EXIST CONCERNING TREATMENT RENDERED TO THE RELEASING PARTY AS A RESULT OF THE OCCURRENCE THAT HAVE NOT OR WILL NOT BE NEGOTIATED, SETTLED, OR SATISFIED. RELEASING PARTY AGREES TO NEGOTIATE, SATISFY, AND OTHERWISE DISCHARGE ANY SUCH LIENS OF WHICH THEY ARE LIABLE OUT OF THIS SETTLEMENT, AND TO DEFEND, INDEMNIFY AND HOLD RELEASED PARTY HARMLESS IF ANY SUCH HOSPITAL LIENS, CHILD SUPPORT LIENS EXIST AND ARE NOT DISCHARGED.*

9. **Medicare/Medicaid.**

   The Parties acknowledge and agree that no attempt is being made to unreasonably shift the responsibility of paying medical expenses in this case to Medicare or Medicaid. The Releasing Party represents that any future claim-related medical expenses will be paid from the settlement proceeds. Further, should it be determined at a later date that a Special Needs Trust or Medicare Set Aside (MSA) is required, such will be funded solely by the Releasing Party out of the proceeds of this settlement. The Releasing Party agrees to be solely responsible for any future medical expenses related to this claim. The Releasing Party agrees to defend, indemnify and hold harmless Released Party and her counsel, Vidaurri, Lyde, Rodriguez & Haynes, L.L.P., from any existing or subsequently discovered claims by any Medicare or Medicaid entity arising out of past or future medical expenses related to this claim, including fines, penalties, interest and reasonable and necessary attorneys' fees, if any.

10. **Dismissal.**

    For the consideration set forth herein, the Releasing Party agrees to present to the court, an agreed joint stipulation of dismissal with prejudice of her claims in this Lawsuit and providing that court costs are to be paid by the party incurring same.

11. **Warranty of Non-assignment.**

    The Releasing Party warrants and represents that she owns and has not assigned, pledged, or otherwise in any manner whatsoever, sold or transferred, any right, title, interests or claim which the Releasing Party has or may have arising out of the Settled Claims, except to counsel.

12. **Tax Consequences.**

    All of the consideration to be paid pursuant to this Settlement Agreement and Release constitutes damages on account of personal injuries or sickness within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended. It is understood and agreed by and between the parties hereto that the Releasing Party has not relied upon any representation, express or implied, made by the Released Party as to the tax consequences of this Agreement. The Releasing Party hereby releases the Released Party from any and all liability in connection with such tax consequences, if any.

13. **Acknowledgment of Release.**

    The Releasing Party acknowledges that she has read the contents of this Agreement in its entirety and has had the opportunity to consult with her legal counsel. The Releasing Party states that she understands the contents of this Agreement and freely signs herein.

14. **Captions.**

    The captions of this Agreement are intended for convenience only and shall have no effect upon the interpretation of this Agreement.

15. **Succession.**

    The terms, provisions, covenants, and conditions contained in this Agreement shall apply to and inure to the benefit of and be binding upon the parties hereto and their respective successors in interest, legal representatives, heirs, executors, administrators, successors, and assigns, except as otherwise herein expressly provided.

16. **Applicable Law.**

    This Agreement shall be governed by and construed in accordance with the laws of the State of Texas.

17. **Integrated Agreements; Modifications; Waiver.**

This Agreement contains all of the agreements of the parties and cannot be amended or modified except by written agreement of the parties. No waiver of any of the provisions of this Agreement shall be deemed, or shall constitute, a waiver of any other provision, whether or not similar, nor shall any waiver constitute a continuing waiver. No waiver shall be binding unless executed in writing by the party making the waiver.

18. **Confidentiality**

The parties agree that neither they nor their legal counsel or representatives for the Releasing Party shall provide settlement terms to any reporting service, and shall not disparage the other party, nor reveal to anyone, other than as may be mutually agreed to in writing by the parties, any of the terms of this settlement, or any of the amounts, numbers, terms or conditions for the sum of $100.00 payable to the Releasing Party as set forth, other than as necessary to, enforce or defend same, comply with paragraphs 7 and 8, and to comply with tax or other legal responsibility, including the reporting of this settlement to the Centers of Medicare and Medicaid Services.

SIGNED on the 15th day of June, 2022.

**Releasing Party:**

_____
JULISSA ARRIANA ROJAS

## ACKNOWLEDGMENT

THE STATE OF TEXAS §
§
COUNTY OF Hidalgo §
§

BEFORE ME, the undersigned, a Notary Public in, on this day personally appeared **JULISSA ARRIANA ROJAS**, known to me to be the person whose name is subscribed to the foregoing instrument, acknowledged to me that she executed the same for the purposes and consideration therein expressed.

SUBSCRIBED AND SWORN BEFORE ME, the undersigned authority, on this 15th day of June, 2022.



_____
Notary Public, State of Texas

Approved by:

THE CISNEROS LAW FIRM, L.L.P.

By: _____
Michael J. Cisneros
State Bar No. 00793509
Federal Bar No. 19522
312 Lindberg Avenue
McAllen, Texas 78501
Tel: 956-682-1883
Fax: 956-682-0132
Email: email@cisnerolawfirm.com